IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DEMETRIUS SHERMAN JOSEPH, SR. | § | |
| VS. | § | CIVIL ACTION NO.   1:20-CV-250 |
| WILLIAM R. JEFFERSON, JR., ET AL. | § | |

REPORT AND RECOMMENDATION
<u>OF UNITED STATES MAGISTRATE JUDGE</u>

Plaintiff Demetrius Sherman Joseph, Sr., a prisoner previously confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against William R. Jefferson, Jr., Christopher A. Wood, Mark A. Callahan, Francisco Garcia, and Brandon Howard.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

<u>Discussion</u>

Pursuant to Federal Rule of Civil Procedure 4, Plaintiff is responsible for service of a summons and complaint within the time allowed by the rules. Rule 4(m) states the following:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff bears the burden of proving good cause for failing to serve the defendant within the time frame set out in Rule 4. *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). To prove good cause, Plaintiff must show excusable neglect for failing to serve the defendant. In addition, to

receive an extension of time to serve the defendant, Plaintiff must show good faith and a reasonable basis for noncompliance with the time set forth in the rule. *Id.*

Because Plaintiff is proceeding *in forma pauperis*, the court is responsible for serving the defendants. Accordingly, the court directed the United States Marshal to serve Defendant Jefferson at an address provided by the Office of the Attorney General for the State of Texas. The Marshal attempted to serve Defendant Jefferson by certified mail, as permitted under the laws of the State of Texas, but service was invalid because the certified mail was returned unclaimed with a notation that it could not be forwarded.

Plaintiff must provide the information necessary to effect service, and his *pro se* status does not excuse his failure to provide an address where the defendant may be served. *Lindsey v. United States R.R Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (holding that simple inadvertence, and ignorance of the rules are generally insufficient to establish good cause). Plaintiff has failed to provide an address where Defendant Jefferson may be served, and he has failed to show good cause. Therefore, unless Plaintiff provides an address where Defendant Jefferson may be served or shows good cause within 14 days, Defendant Jefferson should be dismissed from this action.

## Recommendation

Defendant William R. Jefferson, Jr. should be dismissed from this action unless, within fourteen days, Plaintiff provides the court with an address where Defendant Jefferson may be served or shows good cause for failing to serve him.

<u>Objections</u>

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 1st day of August, 2023.

_____
Zack Hawthorn
United States Magistrate Judge