IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DEMETRIUS SHERMAN JOSEPH, SR. | § | |
| VS. | § | CIVIL ACTION NO.   1:20-CV-250 |
| WILLIAM R. JEFFERSON, JR., ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Demetrius Sherman Joseph, Sr., a prisoner previously confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against William R. Jefferson, Jr., Christopher A. Wood, Mark A. Callahan, Francisco Garcia, and Brandon Howard.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendants Wood and Callahan filed a motion for summary judgment.[1]

Factual Background

Plaintiff alleges he was assaulted by Defendant Jefferson on February 14, 2017, during the evening shift change at the Stiles Unit medical clinic. Plaintiff alleges he was waiting for a pre-hearing detention physical, and he was sitting in a chair with Defendants Howard and Wood on either side of him, with their hands on his shoulders. Plaintiff alleges he argued with Defendant Jefferson, who proceeded to punch Plaintiff in the head, ear, neck, side, and cheek. Plaintiff

---

[1] Although the other Defendants have not been served and have not joined in the motion, the motion for summary judgment inures to the benefit of those Defendants as well. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (allowing non-answering defendants to benefit from the summary judgment motion filed by appearing defendants).

alleges Defendants Howard and Wood held him down, kicked and punched him, and then slammed him to the floor. Plaintiff alleges he suffered minor bruises and contusions on his right cheek and behind his right ear and the back of his head, lacerations to his right wrists and the top of head, and he aggravated a pre-existing back condition.

Later that evening, Plaintiff alleges he was assaulted in his cell by Defendant Jefferson while he was handcuffed. Plaintiff alleges Defendant Jefferson dragged plaintiff by the feet, and then punched, kicked, and stomped on Plaintiff's back, side, head, and legs. Plaintiff alleges Defendant Callahan was present during the alleged assault, and that he kicked at Plaintiff. Plaintiff alleges the use of force was not reported.

Plaintiff alleges he remained handcuffed for seven hours. On February 15, 2017, at 2:00 a.m., Plaintiff alleges Defendant Callahan told him to "stop hurting the handcuffs." Plaintiff did not comply with the order, and Defendant Callahan told another officer that he needed to use chemical agents to prevent Plaintiff from continuing to try to remove or damage the handcuffs. Defendant Callahan then proceeded to spray Plaintiff with chemical agents.

Defendants's Motion for Summary Judgment

Defendants contend they are entitled to summary judgment because the competent summary judgment evidence demonstrates that Plaintiff failed to exhaust administrative remedies before filing this action.

Standard of Review

*Summary Judgment*

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (*quoting Murrell v. Bennett,* 615 F.2d 306, 311 (5th Cir. 1980)).

*Title 28 U.S.C. § 1915(e)*

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Analysis

*Exhaustion*

Title 42 U.S.C. § 1997e(a) requires prisoners to exhaust administrative remedies before filing a civil rights action. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). The statute provides, "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and is intended to give correctional officials an opportunity to address complaints internally before initiation of a federal suit. *See Porter v. Nussle*, 534 U.S. 516, 525 (2002). The exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general circumstances or particular episodes. *Id.* at 532. Prisoners must exhaust administrative remedies before filing a lawsuit regardless of the type of relief prayed for in the complaint. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Because exhaustion is a threshold

issue, the district court may resolve factual disputes concerning exhaustion without a jury. *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010).

The primary purpose of a grievance is to alert prison officials to a problem so that it can be addressed, not to provide notice to a prison employee of a possible lawsuit. *Johnson*, 385 F.3d at 522. Thus, it is not necessary for a prisoner to identify future defendants by name in the grievance in every circumstance. *Id*. at 517. Nor is it necessary for an inmate to allege a legal theory or every fact that would support a legal theory in his grievance. *Id.* at 517-18. "A grievance should be considered sufficient to the extent that the grievance gives officials a fair opportunity to address the problem that will later form the basis of the lawsuit." *Id*. at 517.

The Texas Department of Criminal Justice, Correctional Institutions Division has a two-step grievance procedure available to inmates. *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998). The prisoner must pursue the grievance through both steps for his claim to be exhausted. *Johnson*, 385 F.3d at 515. A prisoner does not exhaust administrative remedies by simply filing each step without regard for procedural requirements. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

Both parties submitted a Step 1 grievance that Plaintiff attempted to file. The Step 1 grievance was dated February 20, 2017, and it concerns uses of force that took place on February 14 and 15, 2017. The document submitted by Plaintiff appears to be a copy of the Step 1 grievance he filed, without any additional notations. The copy submitted by Defendants contains a handwritten number referring to a major use of force investigation on the top of the grievance in the space

5

referred for office use, but there is no indication that the grievance was processed. Plaintiff states that he never received a copy of the grievance, despite making multiple inquiries regarding the status of the grievance. Because prison officials failed to return the Step 1 grievance to Plaintiff, he was unable to proceed to Step 2 of the grievance procedure.

In *Ross v. Blake*, 578 U.S. 632, 642 (2016), the United States Supreme Court noted that the exhaustion requirement hinges on the availability of administrative remedies. The Supreme Court identified three types of circumstances where there is officially an administrative remedy, but the administrative remedy procedure is not capable of being used to obtain relief. *Id.* at 643. The three categories are: (1) when the procedure operates as a dead end because officers are unable or consistently unwilling to provide any relief; (2) if the procedure is so "opaque" that "no ordinary prisoner can discern or navigate it;" and (3) when prison administrators thwart inmates from using the grievance process. *Id*. at 643-44.

Based on the record before the court, Plaintiff pursued the administrative remedy procedures to the best of his ability. Based on the exhibit submitted by Defendants, it is clear that prison officials were in possession of Plaintiff's Step 1 grievance. For unexplained reasons, the grievance was not processed or returned to Plaintiff, and Plaintiff could not proceed to Step 2 without the Step 1 grievance. Therefore, Plaintiff exhausted the remedies that were available to him with respect to the claims that were raised in the Step 1 grievance.

In the Step 1 grievance, Plaintiff alleges that he was in the medical department on February 14, 2017, following a use of force involving Defendant Jefferson and two unidentified Defendants. Notably, Plaintiff does not allege that the use of force was unnecessary or excessive or that Defendant Jefferson or the other officers punched and kicked him. Next, Plaintiff claims that

Defendant Jefferson punched and kicked Plaintiff after he was returned to his cell.  Finally, Plaintiff claims that Defendant Callahan sprayed him with chemical agents after Plaintiff failed to comply with an order to "stop hurting the handcuffs."  Plaintiff's first excessive force claim against Defendants Jefferson, Howard, and Wood is unexhausted because Plaintiff did not allege any facts concerning an excessive use of force in the grievance.  Plaintiff's grievance did not allege that Defendant Callahan was involved in the second use of excessive force by Defendant Jefferson.  Thus, that claim against Defendant Callahan is also unexhausted.  Finally, Plaintiff did not raise any claims against Defendant Garcia in the Step 1 grievance.  Because Plaintiff failed to exhaust these claims, they must be dismissed.

Plaintiff exhausted, to the best of his ability, his claim that Defendant Jefferson used excessive force against him on February 14, 2017, after Plaintiff was returned to his cell.  Plaintiff also exhausted his claim of excessive force against Defendant Callahan for spraying chemical agents on him on February 15, 2017.  All other claims are unexhausted and should be dismissed.

*Excessive Force*

"Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).  Several factors are relevant in determining whether the force used was excessive:  (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by

the responsible officials; and (5) any efforts made to temper the severity of a forceful response. *Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. *Hudson*, 503 U.S. at 9. The Eighth Amendment prohibition against cruel and unusual punishment "necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9, *quoting Whitley*, 475 U.S. at 327; *see Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993) (spraying inmate with a fire extinguisher after the fire was out was a de minimis use of physical force and was not repugnant to the conscience of mankind where the inmate suffered no physical injury). The extent of the injury is relevant to an excessive force claim because it may be an indication of the amount of force used. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). "Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts." *Id*.

Plaintiff contends that Defendant Callahan used excessive force by spraying him with chemical agents. Applying the *Hudson* factors, it is clear that there was a need for force in this instance. Plaintiff admits that he refused to obey Defendant Callahan's orders to "stop hurting the handcuffs." It was not unreasonable for Defendant Callahan to believe that Plaintiff's failure to comply with his orders and his continued abuse of the handcuffs presented a potential threat because Plaintiff could have damaged the handcuffs or used them as a weapon. *See Esparaza v. Kuykendall*, No. 9:17-CV-45, 2020 WL 1515751, at #4 (E.D. Tex. Mar. 30, 2020) (finding that there was a need for force when a prisoner refused to obey orders to relinquish handcuffs because they could be used as a weapon). The amount of force used was minimal in light of the need to prevent Plaintiff from damaging or removing the handcuffs or using them as a weapon, and the only injury suffered by

Plaintiff was the discomfort caused by the chemical agents. As a result, Plaintiff has failed to state a claim of excessive force against Defendant Callahan.

## Recommendation

Defendants' motion for summary judgment should be granted, except with respect to the excessive force claims against Defendants Jefferson and Callahan. Plaintiff's excessive force claim against Defendant Callahan should be dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 2nd day of August, 2023.

Zack Hawthorn
United States Magistrate Judge